## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Joseph Lee Frye

May 20, 1998

Case No. (Criminal) 11316

BY JUDGE THOMAS D. HORNE

This case came before the Court on the motion of the defendant to suppress both out-of-court and in-court identifications of the defendant made by Juan Verastegui. Mr. Verastegui testified at the suppression hearing through an interpreter that he was making a phone call when confronted by the defendant. It is this confrontation which gives rise to a three-count indictment charging the defendant with robbery, malicious wounding, and use of a firearm while committing robbery.

Mr. Verastegui readily identified the defendant's photograph as that of his assailant several weeks after the robbery. The defendant's photograph was identified as photo 7 in a nine-photograph lineup. Prior to the lineup and at the hearing, Mr. Verastegui described the perpetrator as a light-skinned black male who did not have facial hair. However, he noted that he had seen the individual several times prior to the robbery in his apartment complex and that, while attired in a hooded sweatshirt, the defendant's features were readily apparent to him.

The defendant contends that the photo lineup is unduly suggestive and that any reference to his identification of the photograph and any subsequent identification by Mr. Verastegui should be suppressed. In determining these issues, the Court must not only examine the suggestive nature of the photo array but whether, if suggestive, there exists a substantial likelihood that its suggestive nature will result in a misidentification of the defendant by Mr. Verastegui. As Chief Judge Moon noted in *Hairston v. Commonwealth* (Court of Appeals of Virginia, Record No. 2354-93-3, February 21, 1995):

The foremost issue in this case is whether the photographic lineup was so suggestive as to give rise to a substantial likelihood of misidentification ... . Two principles of law have been discerned by this Court which affect the outcome of the present case ... . The first principle, developed by the United States Supreme Court in *Neil v. Biggers*, 409 U.S. 188 (1972), involves a two-step test to determine the admissibility of an out-of-court identification. "A court must first determine whether the identification process was unduly suggestive ... . [A court] next must determine whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed." The factors for making this determination are: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation ... . The second principle holds that even if evidence of the out-of-court identification cannot be admitted, an in-court identification may still be made if the origin of that identification is independent of the inadmissible out-of-court identification procedure.

As in *Hairston, supra*, the Court in this case does not need to examine the case in light of the second step of the *Neil v. Biggers* test.

The general description given by Mr. Verastegui of his assailant matches in all respects only one of the individuals pictured in the photo lineup. That person is the defendant. In using photographic lineups, the police are cautioned that the danger of misidentification "will be increased if the police display to the witness only the picture of a single individual who generally resembles the person he saw, or if they show him the picture of several persons among which the photograph of a single such individual recurs or is in some way emphasized." *Hill v. Commonwealth*, 2 Va. App. 683, 695 (1986), quoting from *Simmons v. United States*, 390 U.S. 377, 383 (1968).

Although the Court finds the photo lineup to be suggestive, it concludes based upon the facts of this case that the out-of-court identifications were so reliable that there is no substantial likelihood that misidentification existed. Mr. Verastegui had the ability to view his assailant at close range. The earlier description of the defendant was consistent with his later identification. There was no uncertainty in the identification of the defendant. It was but several

474

weeks between the robbery and the identification. This was not the first time that Mr. Verastegui had seen the defendant.

Accordingly, the Motion to Suppress will be denied.